NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| METAL JEANS, INC., a Nevada Corporation,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>STATE OF CALIFORNIA; et al.,<br><br>               Defendants-Appellees. | No.   17-55152<br><br>D.C. No.<br>2:15-cv-02127-DDP-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted June 6, 2018**
Pasadena, California

Before: LIPEZ,*** NGUYEN, and OWENS, Circuit Judges.

Plaintiff Metal Jeans, Inc. ("Metal Jeans") appeals from the district court's

order granting summary judgment to the defendants—the State of California,

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

California Highway Patrol Officers Todd Barrett and Jon Relles, and Howard Sommers Towing, Inc. ("HST")—on all claims arising from the search and towing of Metal Jeans's tractor-trailer rig. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The Fourth Amendment permits officers to search and seize without a warrant a vehicle parked in a public place if they have probable cause to believe that evidence of a crime may be found inside the vehicle. *California v. Carney*, 471 U.S. 386, 392–93 (1985); *United States v. Bagley*, 772 F.2d 482, 490–91 (9th Cir. 1985). Metal Jeans does not dispute that by the time Officer Barrett ordered the towing, he was aware that: the tractor-trailer had been left unattended on the side of the freeway for over twenty-four hours; the trailer displayed a license plate that had been issued to a different vehicle; a query for the Canadian license plate on the tractor had returned a response possibly indicating that the tractor had been stolen; the VIN on the trailer had returned no record; and, based on his training, thieves sometimes switch the license plates and/or alter the VINs on stolen vehicles.

By the time Officer Barrett searched the tractor and trailer, and by the time HST towed the rig away, Officer Barrett was aware of all of the above, plus the

fact that a VIN on the trailer had apparently been altered[1] and that the original VIN did not match the license plate currently displayed on the trailer. This information gave him probable cause to believe that the tractor and/or trailer had been stolen, and that the tractor and trailer might contain evidence of the theft. *See United States v. Albers*, 136 F.3d 670, 673–74 (9th Cir. 1998) (finding probable cause to search vehicle where vehicle was in a suspicious location and where indications of criminal activity were in plain view on the exterior of the vehicle). Accordingly, Officer Barrett did not violate the Fourth Amendment by searching and seizing the tractor and trailer.

Officer Barrett did not commit conversion because he was authorized by California law to tow the tractor-trailer. The California tort of conversion requires the "wrongful exercise of dominion over the property of another." *Plummer v. Day/Eisenberg, LLP*, 108 Cal. Rptr. 3d 455, 460 (Ct. App. 2010) (citation omitted). Section 22655.5(b) of the California Vehicle Code authorizes peace officers to impound a vehicle "found upon a highway" where the officer "has probable cause to believe that the vehicle is itself evidence which tends to show

---

[1] Though Metal Jeans disputes whether the VIN had *actually* been altered, for purposes of the probable cause inquiry, Officer Barrett's reasonable belief is sufficient. *See United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986) (finding probable cause where "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime").

3

that a crime has been committed." As discussed above, Officer Barrett had such probable cause. Accordingly, he did not *wrongfully* exercise dominion over the tractor-trailer, and Metal Jeans's claim for conversion also fails.[2]

The district court properly granted summary judgment to Officer Barrett.

2. Metal Jeans argues that Officer Relles violated the Fourth Amendment and committed the tort of conversion by refusing to release the tractor-trailer to Gary Topolewski on April 15, 2014. Metal Jeans does not dispute that Officer Relles was assigned to investigate the tractor-trailer's possible theft on either April 14 or April 15, and that Officer Relles continued to investigate between April 15, when Mr. Topolewski requested the return of the vehicle, and April 16, when Officer Relles approved the vehicle's release. Metal Jeans has identified no case supporting the proposition that an officer violates the Fourth Amendment by refusing to release lawfully seized personal property pending the prompt resolution of an investigation involving that property. Accordingly, Metal Jeans's Fourth Amendment claim against Officer Relles fails.

---

[2] Metal Jeans does not challenge the dismissal of its negligence claim in its opening brief on appeal and has therefore waived that claim. *See Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). Metal Jeans does raise a due process argument on appeal, but because this claim was not pled in the complaint, it is waived as well. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Because Officer Relles did not wrongfully exert dominion over the tractor-trailer, Metal Jeans's conversion claim against him also fails. *See Plummer*, 108 Cal. Rptr. 3d at 460.

Summary judgment in favor of Officer Relles was proper.

3. Finally, Metal Jeans argues that HST violated the Fourth Amendment and committed conversion by towing the tractor-trailer without probable cause. Assuming that HST was acting under color of law when towing the tractor-trailer at the government's direction, *see Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954–55 (9th Cir. 2008) (en banc), HST is entitled to a "good faith" defense because it was acting at the behest of the police, *see Clement v. City of Glendale*, 518 F.3d 1090, 1097 (9th Cir. 2008). HST was entitled to summary judgment on Metal Jeans's Fourth Amendment claim.

Like Officers Barrett and Relles, HST did not commit conversion by wrongfully exerting dominion over the tractor-trailer. *See Plummer*, 108 Cal. Rptr. 3d at 460.

The district court properly granted summary judgment to HST.

**AFFIRMED.**

5